**In re MURPH'S BOWLING CENTER, Debtor.**

**Bankruptcy No. 99–40262–11.**

United States Bankruptcy Court, D. Montana, Butte Division.

Jan. 5, 2000.

Patrick F. Flaherty, Great Falls, MT, for the debtor-in-possession.

Kirk D. Evenson, Marra, Wenz, Johnson & Hopkins, P.C., Great Falls, MT, for creditors Mary Kay Hodges and Brigit McCormick.

### *ORDER*

RALPH B. KIRSCHER, Bankruptcy Judge.

In this dismissed Chapter 11 case the Debtor–in–Possession ("DIP") filed a petition for rehearing and supporting brief on December 23, 1999, seeking a hearing on the Court's conclusion in its Dismissal Order entered on December 17, 1999, that this case was filed in bad faith, and correction of certain factual errors. The attorneys for Mary Kay Hodges and Brigit McCormick filed a response to Debtor's petition for rehearing on December 29, 1999. The Court's Dismissal Order will be amended to correct certain factual errors,

but DIP's petition for rehearing is denied and the case remains dismissed.

■ The DIP requests that the Court amend its Order because of erroneous factual findings such as the DIP's bad faith for failure to seek liquidation of disputed claims of Mary Kay Hodges ("Hodges") and Brigit McCormick ("McCormick"). DIP's petition does not cite any rule upon which it is based. It appears that DIP's petition is in essence a motion for reconsideration on grounds of mistake under Fed.R.Civ.P. 60(b). Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence *In re Teigen*, 11 Mont.B.R. 91–92 (1992).

DIP argues that the Court erred in stating that Hodges' alleged claim is based upon an incident arising on August 7, 1997, when Richard Murphy allegedly raped her. DIP argues that this is error, and that Hodges actually alleged that the DIP's bar manager Marvin Ameline raped her. The DIP's correction is well taken and the Court's Dismissal Order will be amended appropriately to reflect that Hodges alleges that Marvin Ameline raped her. However, this error is harmless with respect to the Court's ultimate conclusion under F.R.B.P. 9005 (applying Fed.R.Civ.P. 61 in cases under the Code).

■ Rule 9005 provides: "When appropriate, the court may order the correction of any error ... which does not affect substantial rights." Rule 61 provides that no error in an order "is ground for granting a new trial ... or vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Hodges alleges that she was raped by Marvin Ameline, not Murphy. Ameline is the DIP's bar manager. Therefore, the mistaken reference to Richard in the Court's Order does not change the essence of Hodges' rape allegation. The erroneous reference to Richard is harmless, does not affect substantial rights of the parties, and is not grounds for disturbing the Dismissal Order.

■ Next, DIP argues that the Court erred in holding that the DIP "has done nothing to further a trial and liquidation of [Hodges' and McCormick's] claims in an appropriate forum." DIP suggests that it initiated adversary proceeding No. 99/00056, for purposes of somehow considering McCormick's claim. However, in reviewing such proceeding, DIP was pursuing an accounting and the recovery of money from McCormick and was not pursuing the determination of McCormick's claim. Such proceeding was dismissed as a non-core proceeding by this Court, by Order dated August 13, 1999. On November 17, 1999, and over nine months after this reorganization case was filed, the DIP finally moved for estimation of the claims alleged by McCormick and Hodges. The Court acknowledges that the DIP finally made an attempt to estimate Hodges' and McCormick's claims, and that its Dismissal Order erroneously states that DIP did nothing. As above, however, the error is harmless and does not affect the substantial rights of the parties.

■ This Court's Dismissal Order and the finding that this case was not filed in good faith do not, and are not intended to, suggest any opinion as to the validity or amounts of any claims or defenses raised by any person or entity. The merits of such claims or defenses require a factual and legal determination from an appropriate administrative or judicial forum. This Court's finding that this case was not filed in good faith arises from and includes, but is not limited to the following:

1. This case was filed on the eve of a scheduled administrative hearing involving alleged claims raised by Hodges for purposes of delaying prosecution of such claim;

2. Hodges and McCormick were not listed in the List of Creditors Holding the 20 Largest Unsecured Claims although they were listed as unsecured creditors on Schedule F;

3. Insider entities or individuals were listed in the List of Creditors Holding the 20 Largest Unsecured Claims although such insiders are to be excluded under F.R.B.P 1007(d);

4. Initially, DIP did not accurately complete section 19b. of the Statement of Financial Affairs, but did subsequently amend this particular section;

5. DIP stated in the Listing of Equity Security Interests that none existed, when in fact Richard Murphy appears to be the sole shareholder;

6. At the commencement of the case DIP failed to file with the petition, or any time thereafter, a corporate resolution either by the directors or the shareholders authorizing the corporate officers to file the bankruptcy petition as required by LBR 1007(b)(1)–1(4);

7. DIP fails to disclose any executory leases or unexpired leases on Schedule G, even though rental arrangements or contracts, rental income and rental expense are suggested or identified in DIP's Current Monthly Income and Expenditures, in DIP's Schedule A which references leasehold improvements at an unstated value, in DIP's initial and amended Statements of Financial Affairs, and in DIP's Amended Disclosure Statement and Exhibits 1, 3 and 4 attached thereto;

8. DIP failed to assume unexpired leases essential to the continued operation of DIP's business pursuant 11 U.S.C. § 365 and such leases through DIP's inaction may have been deemed rejected, requiring the immediate surrender of the nonresidential real estate to the lessor, the Murphy Family Limited Partnership, and no assumption or rejection of the lease between DIP and Richard Murphy occurred concerning the bar and restaurant operation;

9. Even after objections to the Disclosure Statement by the U.S. Trustee's Office and Hodges, DIP failed in any meaningful way to consider, discuss, analyze or apply the provisions of 11 U.S.C. § 1129(b) to its plan, including unfair discrimination and fair and equitable treatment;

10. DIP failed to discuss or set forth procedures to recover from the sole shareholder one of DIP's major assets, the account receivable from Richard Murphy. Exhibits 1 and 4 contain contradictory amounts for this receivable. No payments on this receivable are shown in the short term;

11. DIP failed to file a Report of Administrative Expenses at least 10 days before the scheduled hearing date for confirmation as required by LBR 3017–1;

12. DIP admits that the primary catalyst for filing this case was the assertion of the alleged claims by McCormick and Hodges. Except for these two creditors and the DIP's insiders, no other unsecured creditors exist;

13. DIP through its Disclosure Statement and Plan has promoted and enhanced the position and status of insiders to the prejudice of the two remaining unsecured creditors: Hodges and McCormick. DIP is using the bankruptcy process to improve familial and insider obligations to the detriment of others;

14. DIP used the bankruptcy system and process to escape the jurisdiction of the Montana Human Rights Commission when a scheduled hearing and a decision concerning alleged misconduct may have been imminent; and

15. DIP, based on the information contained in the approved Amended Disclosure Statement and on the provisions, or lack thereof, contained in its Plan is unable to have a Plan confirmed by this Court, without the acceptance of the Plan by all creditors which is highly improbable given the acrimony between DIP and Hodges and McCormick.

The totality of circumstances enumerated above provide the bases upon which this court concludes this case was not filed in good faith.

■ DIP's concerns about the Court's finding that the case was not filed in good faith reflects the misleading effect of that term, as the Court discussed in its Dismissal Order at pages 5–6. *In re ACI Sunbow, LLC*, 206 B.R. 213, 221 (Bankr. S.D.Cal.1997); *In re Marsch*, 36 F.3d 825, 828 (9th Cir.1994). As the Court notes in its Dismissal Order, objective futility by itself will support "for cause" dismissals on the basis of lack of good faith. *Id.* Since DIP admits and accepts dismissal based upon § 1129(a)(10), the objective futility test for bad faith is satisfied and DIP's petition for rehearing is denied. There being no way DIP can cure its inability to confirm a Chapter 11 Plan because of its inability to satisfy § 1129(a)(10), the case was properly dismissed on those grounds and a rehearing would be futile. The errors cited by the DIP in its petition for rehearing are harmless, but will be corrected. However, the ultimate result, that this case is dismissed on the grounds that it was not filed in good faith, will not be disturbed.

IT IS ORDERED the DIP's petition for rehearing, filed December 23, 1999, is denied.

IT IS FURTHER ORDERED this Court's Order entered December 17, 1999, is amended: (1) by substituting "Marvin Ameline" for "Richard" on the bottom line of page 2; (2) by deleting on pages 4 and 5 the following two sentences: "Although this case has been pending since February 5, 1999, and the DIP insists McCormick's and Hodges' claims are disputed and unliquidated, DIP has done nothing to further a trial and liquidation of such claims in an appropriate forum. Instead, the file is replete with the DIP's enforcement of the automatic stay against McCormick for her futile efforts at liquidating her claim."; and (3) by deleting at page 7, line 7 the phrase "without taking any steps to resolve or liquidate such claims".